# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HELEN JIA, an individual, and SARAH SORMILLON, an individual, and all those similarly situated | § § § § | |
| v. | § | CASE NO. 3:17-CV-3057-S |
| NERIUM INTERNATIONAL, LLC., et al. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Nerium International, LLC, Jeff Olson, Renee Olson, and Amber Olson Rourke's ("Defendants") Motion to Reopen Case and for Temporary Restraining Order and Preliminary Injunction Staying Class Arbitration [ECF No. 147]. Defendants ask the Court to reopen the case to either (1) clarify the Court's September 18, 2018, order granting Defendants' motion to compel arbitration on an individual basis, or, in the alternative, (2) issue a temporary restraining order and preliminary injunction staying the class arbitration. *See* Mot. 1. For the reasons that follow, the Court grants in part and denies in part the Motion.

### I. BACKGROUND

The Court previously entered a Memorandum Opinion and Order in this case, and will not revisit the factual dispute underlying this action here. *See* ECF No. 144 ("Mem. Op. & Order").

On December 19, 2017, Defendants "move[d] for an order compelling Plaintiffs Helen Jia . . . and Sarah Sormillon (collectively, 'Plaintiffs') to arbitrate their claims on an . . . individual basis in the arbitration proceedings which are already underway before the American Arbitration Association [('AAA')]." ECF No. 71 ("Mot. to Compel Arbitration") at 1. On September 18, 2018, the Court granted the motion to compel arbitration and provided that "the arbitrator [will] decide whether a given claim must be arbitrated" and that "[a]ny challenges to the enforceability

or scope of the Arbitration Policy must be decided by the arbitrator." Mem. Op. & Order 16-17. After the Court administratively closed the case pending arbitration, Plaintiffs allegedly filed three arbitrations before the AAA. *See* Mot. 3. Plaintiffs' third demand was for, among other things, "a determination as to the arbitrability of the[] claims on a class basis." ECF No. 148 ("Defs.' App.") at 136.

In the first two arbitrations, Defendants moved for a summary adjudication of the class waiver provision, seeking a determination that Plaintiffs' claims needed to be arbitrated individually. *See id.* at 289, 302. On June 24, 2019, Arbitrator James J. Juneau (the "Arbitrator") entered an order in the first of the two cases denying Defendants' motion for a summary adjudication of the class waiver provision as moot, because Jia was "no longer [asserting] any claims . . . in this arbitration proceeding . . . on a class-wide, class action or multiple complaining-party basis." *Id.* at 467. The Arbitrator did not overrule Defendants' objections to class arbitration, instead finding that these "should more properly be raised and adjudicated separately in th[e] proceeding" where Plaintiffs were asserting class action claims. *Id.*

As to Plaintiffs' third demand for arbitration, Defendants objected to the filing of the class arbitration as administratively improper on April 26, 2019. *See* Mot. 3. The AAA responded to Defendants' argument by letter on July 9, 2019, stating that Plaintiffs "met the filing requirements by filing a demand for class arbitration" but that "the parties' contentions have been made a part of the file and will be forwarded to the arbitrator upon appointment, at which time the parties may submit their jurisdictional or arbitrability arguments to the arbitrator for determination." Defs.'

2

App. 469. Thereafter on August 8, 2019, the AAA reaffirmed the positions articulated in its July 9, 2019, letter, and Defendants filed the present Motion.[1] *See* Mot. 1; Defs.' App. 472.

## II. ANALYSIS

### A. *Subject Matter Jurisdiction*

"Under the [Federal Arbitration Act ('FAA')], jurisdiction by the courts to intervene into the arbitral process prior to issuance of an award is very limited." *Gulf Guar. Life Ins. v. Conn. Gen. Life Ins.*, 304 F.3d 476, 486 (5th Cir. 2002) (citing *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085 (8th Cir. 2001)). "Even if some default occurs in the arbitral process, courts may not intervene 'beyond the determination as to whether an agreement to arbitrate exists and enforcement of that agreement.'" *Salas v. GE Oil & Gas*, 857 F.3d 278, 280 (quoting *Gulf Guar. Life Ins.*, 304 F.3d at 487). "Certain threshold questions of arbitrability, however, are typically reserved for courts to decide, absent 'clear and unmistakable' language in the arbitration agreement to the contrary." *20/20 Commc'ns, Inc. v. Crawford*, No. 18-10260, 2019 WL 3281412, at *2 (5th Cir. July 22, 2019) (citing *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019)). Thus, for example, the Court may not "hear pre-award 'disputes over the qualifications of an arbitrator to serve,'" but may "hear a motion to appoint an arbitrator." *Salas*, 857 F.3d at 281 (first quoting *Gulf Guar. Life Ins.*, 304 F.3d at 491; and then citing *Adam Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.*, 729 F.3d 443, 447-49 (5th Cir. 2013)).

Here, Defendants challenge the propriety of a class action arbitration Plaintiffs begun against them before the AAA. *See* Mot. 1. The law in the Fifth Circuit is "that class arbitrability is a gateway issue for courts, not arbitrators, to decide, absent clear and unmistakable language to

---

[1] Plaintiffs assert that they "should be permitted to address any request to reopen these proceedings on a regular noticed basis, and in accordance with the Local Rules of this Court." Resp. 1. Because this Order is limited to clarifying the Court's prior order and does not affect the substantive rights of any party, further briefing is unnecessary.

3

the contrary." *20/20 Commc'ns*, 2019 WL 3281412, at *2. Generally, stipulating that the Commercial Arbitration Rules of the AAA will govern the arbitration of disputes constitutes such "clear and unmistakable" evidence. *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 552 (5th Cir. 2018) (citing *Petrofac, Inc. v. Dyn-McDermott Petroleum Operations Co.*, 687 F.3d 671, 674-75 (5th Cir. 2012)). Where the parties stipulate that the rules of the AAA will govern the arbitration, but limit that stipulation to the terms of the arbitration agreement and expressly prohibit class arbitration, however, the Fifth Circuit has instructed that the stipulation does not overcome "the legal presumption . . . that courts, not arbitrators, must decide the issue of class arbitration." *20/20 Commc'ns*, 2019 WL 3281412, at *5.

The Fifth Circuit's decision in *20/20 Communications* is directly on point. In *20/20 Communications*, the arbitration agreement included three provisions that vested the arbitrator with various general powers:

> [(1)] If Employer and Employee disagree over issues concerning the formation or meaning of this Agreement, the arbitrator will hear and resolve these arbitrability issues. [(2)] The arbitrator selected by the parties will administer the arbitration according to the National Rules for the Resolution of Employment Disputes (or successor rules) of the [AAA] except where such rules are inconsistent with this Agreement, in which case the terms of this Agreement will govern. . . . [(3)] Except as provided below, Employee and Employer, on behalf of their affiliates, successors, heirs, and assigns, both agree that all disputes and claims between them . . . shall be determined exclusively by final and binding arbitration.

2019 WL 3281412, at *4 (sixth alteration in original) (emphases omitted). Although these provisions delegated significant responsibility to the arbitrator, the Fifth Circuit first noted that these provisions contained exception clauses that subjected any grant of power to the terms of the arbitration agreement. *Id.* "And even putting aside the exception clauses, none of these provisions [spoke] with any specificity to the particular matter of class arbitrations. The class arbitration bar, by contrast, specifically prohibit[ed] arbitrators from arbitrating disputes as a class action . . . ." *Id.* at *5 (citing *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373,

4

377 (5th Cir. 2002)). The Fifth Circuit thus held that the provisions at issue did "not clearly and unmistakably overcome the legal presumption—reinforced as it is here by the class arbitration bar—that courts, not arbitrators, must decide the issue of class arbitration." *Id.*

As in *20/20 Communications*, the arbitration provisions at issue in this case provide for all disputes to be resolved in accordance with the rules of the AAA. *See* Mem. Op. & Order 2-3 ("[A]ll disputes, claims or causes of action . . . shall be settled totally and finally by arbitration . . . in accordance with the Commercial Arbitration Rules of the [AAA]." (quoting ECF No. 75 (Defs.' App. in Supp. of Mot. to Compel 065 § 11.09(a))); *see also id.* at 3 ("Any and all disputes regarding, or related to, this agreement . . . shall be resolved by binding arbitration administered by the [AAA] and conducted under its rules . . . as is more particularly set forth in Section 11.09 of the NERIUM INTERNATIONAL Policies and Procedures Manual." (quoting Defs.' App. in Supp. of Mot. to Compel 073 § 12)). Nonetheless, these provisions do not directly address whether the arbitrator may decide issues of class arbitrability. Moreover, the arbitration provision contains a class arbitration bar: "The arbitration shall be conducted before a single arbitrator and shall not be conducted on a class-wide, class action or multiple complaining-party basis." *Id.* at 3 (quoting Defs.' App. in Supp. of Mot. to Compel 065 § 11.09(a)). The Court follows, therefore, binding Fifth Circuit precedent and holds that the provisions at issue do "not clearly and unmistakably overcome the legal presumption—reinforced as it is here by the class arbitration bar—that courts, not arbitrators, must decide the issue of class arbitration." *20/20 Commc'ns*, 2019 WL 3281412, at *5. Accordingly, the Court has subject matter jurisdiction to determine whether arbitration should proceed on an individual or class basis and grants the Motion to reopen the case.

5

### B. *Motion for Clarification*

The Court has already addressed this exact issue in its Memorandum Opinion and Order compelling arbitration. In their original motion to compel arbitration, Defendants "move[d] for an order compelling Plaintiffs . . . to arbitrate their claims *on an individual basis* in the arbitration proceedings which are already underway before the [AAA]." Mot. to Compel Arbitration 1 (emphasis added). Plaintiffs did not request the Court to compel class arbitration, and the Court granted Defendants' motion without modifying their requested relief. *See* Mem. Op. & Order 16-17. Accordingly, the Court compelled individual arbitration, not class arbitration.

To be clear, the Court previously found that "Defendants have provided sufficient evidence to establish that a contract, including an arbitration provision, exists between the parties." *Id.* at 9. That same agreement provides that "[t]he arbitration shall be conducted before a single arbitrator and shall not be conducted on a class-wide, class action or multiple-complaining party basis." *Id.* at 3 (quoting Defs.' App. in Supp. of Mot. to Compel 065 § 11.09(a)). The Court could not compel class arbitration that the parties expressly rejected. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [he or she] has not agreed to submit." *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). This is particularly true of class arbitration, which must be premised on consent to be consistent with the FAA. *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1417-18 (2019) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011)).

### C. *Temporary Restraining Order and Preliminary Injunction*

Defendants moved for a Temporary Restraining Order and Preliminary Injunction as alternative relief to the Court clarifying that it previously compelled arbitration on an individual basis. *See* Mot. 1. Because the Court grants the Motion for Clarification, the Court denies as moot

the Motion as to the request for a temporary restraining order and preliminary injunction. Consequently, the Court does not address Plaintiffs' argument as to why a temporary restraining order or preliminary injunction is not warranted in this case. *See* Resp. 4-9.

### D. *Scope of this Order*

Plaintiffs contend that "if these proceedings are to be reopened, and the Court is to rethink delegation as to any issue, all . . . issues and objections must be decided by the Court, and Plaintiffs seek to address the *McGill* question and other issues concerning delegation." Resp. 9-10. The Court previously held, however, that "clear and unmistakable evidence [establishes] the parties' intent to delegate threshold questions to an arbitrator, including questions regarding the validity and scope of the arbitration provision itself." Mem. Op. & Order 15. No party moved for reconsideration of the Court's order and the Court will not needlessly disturb it. Moreover, the Court did not "rethink delegation as to any issue." Rather, the Court today merely clarifies that (1) the Court was tasked with determining the issue of class arbitration, and (2) its September 18, 2018, order compelled arbitration on an individual basis. Any other threshold question has been delegated to the arbitrator and the Court is without power to decide it.[2] *See Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201-02 (5th Cir. 2016).

---

[2] The Court also notes that its prior order is not affected by the Fifth Circuit's decision in *Archer & White Sales, Inc. v. Henry Schein, Inc.*, No. 16-41674, 2019 WL 3812352 (Aug. 14, 2019). In *Archer*, the Fifth Circuit affirmed the district court's holding that the case was not subject to arbitration because "the unambiguous arbitration clause" "create[d] a carve-out for 'actions seeking injunctive relief.'" *Id.* at *6. Unlike *Archer*, however, the plain language of the arbitration provision in this case does not create "a carve-out for 'actions seeking injunctive relief.'" *Id.*; Mem. Op. & Order 14. Rather, "[t]he plain language of the Arbitration Provision dictates that '*all disputes, claims or causes of action*' must be settled by arbitration and in accordance with the AAA Rules," and "nothing in the Agreements precludes any part from seeking injunctive relief in the arbitration proceeding." Mem. Op. & Order 15. Thus, the Court will not revisit its prior holding that the parties delegated all threshold questions to an arbitrator, including questions regarding the validity and scope of the arbitration provision itself. *Id.*

## III. CONCLUSION

For the reasons discussed above, the Court grants the Motion to reopen the case and to clarify the Court's September 18, 2018, order. The Court denies as moot the Motion as to the request for a temporary restraining order and preliminary injunction. The matter is remanded to arbitration on an individual basis. This action will be stayed and administratively closed pending the outcome of arbitration. *See* 9 U.S.C. § 3. The Court directs the Clerk of Court to administratively close this case until such time as the Court orders it to be reopened.

**SO ORDERED.**

SIGNED August 21, 2019.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**